```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   G&M HOLDING, INC.                    CIVIL ACTION

   VERSUS                               NO: 07-4883

   CERTAIN UNDERWRITERS AT              SECTION: "J" (4)
   LLOYD'S OF LONDON
```

**ORDER AND REASONS**

Before the Court are two motions.  The first is Defendant's Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 12). Defendant's Motion is set for hearing on January 23, 20089.  The second motion is Plaintiff's Motion to Continue the Hearing on the Motion to Dismiss (Rec. Doc. 14).  For the reasons below, Plaintiff's Motion to Continue (Rec. Doc. 14) is **DENIED**, and Defendant's Motion to Dismiss (Rec. Doc. 12) is **GRANTED**.

**BACKGROUND**

This suit arises out of damages that the Plaintiff suffered following Hurricane Katrina.  Plaintiff filed suit in this Court against its insurance company alleging breach of contract and penalties under Louisiana insurance law.  Plaintiff filed suit on August 28, 2007.  On December 26, 2007, Defendant filed the

instant motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 12).  Defendant set the motion for hearing on January 23, 2008.  According to LR 7.5E, any opposition to the motion would be due no later than eight calendar days prior to the hearing date.  Therefore any opposition would have been due on January 15, 2008.  The Plaintiff has not filed an opposition to Defendant's motion.

On the evening of January 21, 2008, Plaintiff filed the instant motion to continue.  Plaintiff's motion avers that Plaintiff has filed a lawsuit against this defendant in state court, but Defendant has not waived service, nor has service been completed on Defendant.  Plaintiff filed the state court lawsuit on January 17, 2008.  Plaintiff requests that the Court continue the hearing date on the motion to dismiss for without date until such time as the Defendant answers the state court litigation.  Plaintiff makes this request "to protect [its] interests while service is pending when taken into consideration with the foregoing reasons."  (Rec. Doc. 16-3, at 2).

## DISCUSSION

<u>Plaintiff's Motion to Continue</u>

Plaintiff has not cited a single case or legal authority which would justify this Court's withholding of a ruling pending answer of service by the Defendant in state court.  Plaintiff

2

does ask this Court to grant its motion pursuant to LR 7.4.1M. (Rec. Doc. 14, at para. 11).  Even assuming that LR 7.4.1M applied to courts in the Eastern District of Louisiana,[1] that rule is inapplicable.  LR 7.4.1M provides that there are certain motions which are allowed to filed without being accompanied by a memorandum.  Accordingly, this court will deny Plaintiff's Motion to Continue.

Defendant's Motion to Dismiss

Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and cannot entertain suits unless authorized by law.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Federal district courts have jurisdiction over civil actions in which the amount in controversy exceed $75,000, and the claim is between citizens of different states.  28 U.S.C. § 1332.  The party asserting jurisdiction bears the burden of proof. *DeAguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995).  Accordingly, the plaintiff bears the burden of proving that jurisdiction does in fact exist.  *Team One Props. LLC v. Certain Underwriters at Lloyd's, London*, No. 07-4493, 2007 WL 4365392 (E.D. La. Dec. 10,

---

[1] The preamble to the Local Rules provides that "Those rule's which only apply to a certain court are designated by a letter after the rule number.  'E' for the Eastern District of Louisiana, 'M' for the Middle District of Louisiana, and 'W' for the Western District of Louisiana."  LR pmbl.

2007)(Berrigan, C.J.).  In order to establish diversity of citizenship, all adverse parties must be completely diverse. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267 (1806) *overruled on other grounds by The Louisville, Cincinnati, & Charleston R.R. v. Letson*, 43 U.S. (2 How.) 497 (1844).  A court's ultimate decision that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id.* (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

In this case, the Defendant asserts that according to the Fifth Circuit, a suit against Names subscribing to a policy held by Lloyd's at London requires that the amount in controversy must be established as to each Name subscribing to the policy, and that all Names be diverse from all adverse parties.  *See Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853 (5th Cir. 2003); *McAuslin v. Grinnell Corp.*, No. 97-775, 97-803, 2000 WL 1059850 (E.D. La. Aug. 1, 2000)(Vance, J.).  Here, the Plaintiff has not asserted facts which would indicate that the amount in controversy is met as to all Names sued under the policy. Further, it appears that at least one Name who is an Underwriter to the policy is a citizen of Louisiana.

In the absence of any meaningful opposition or evidence by the Plaintiff, the Court finds that jurisdiction in this matter is lacking. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Continue (Rec. Doc. 14) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 12) is **GRANTED.**

New Orleans, Louisiana this the 23rd day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE